**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01202-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| George Fredrick Nees, | |
| Defendant. | |

Defendant is charged with five-counts of Interstate Communications, Containing Threat in violation of 18 U.S.C. § 875(c) and two-counts of Cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and 2261(b). (Doc. 10). On October 3, 2019, Magistrate Judge Michelle H. Burns held a detention hearing pursuant to 18 U.S.C. § 3142 and ordered Defendant be detained as a flight risk. (Doc. 9). Judge Burns issued the detention order after hearing the Government's proffer of evidence and found:

> Defendant has ties, and travels to a foreign country. Defendant has worked overseas in Singapore for 7 years and his wife is from Malaysia. Defendant has also worked in China, Malaysia, Russia and Indonesia. Defendant made statements to law enforcement that he has no intention of remaining in the United States. Defendant's criminal history includes convictions for resisting arrest, hit and run, and aggravated assault on a law enforcement officer. Defendant is [charged] sic with numerous felony counts of making violent threats against Rust Consulting and three Cricket Wireless executives.

(*Id.*). Defendant Nees appeals Judge Burns' detention Order.

**A. Standard of Review**

The Court reviews a Magistrate Judge's detention decision *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" along with any additional evidence submitted by the parties and "make its own independent determination whether the magistrate's findings are correct,[.]" ((*Id*. at 1193).

The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Unites States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). To determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of others, the Court shall take into account information concerning (1) the nature and the circumstances of the defendant's charges; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties and past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. *See* 18 U.S.C. § 3142(g). The weight of the evidence is the least important factor. *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *Gebro,* 948 F.2d at 1121, *citing United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

The Court has reviewed the Defendant's Motion for De Novo Review of Detention Order (Doc. 15), the Government's Response with attachments (Doc. 21) and the Defendant's Reply (Doc. 25). The Court has also reviewed the detention hearing transcript (Doc. 18) and the Pretrial Service Office' ["PTS"] Sealed Bail Report and Addendum.(Docs. 3 and 7). Defendant agrees that the Court's consideration of the aforementioned obviates the need for an evidentiary hearing. (*See* Doc. 24 ). Upon a *de novo* review of the aforementioned and applying the applicable law, the Court determines

that the Government falls short of its burden of proof as to flight risk and danger, and that there are conditions that will reasonably assure the Defendant's appearance at all judicial proceedings.

### B. Analysis

At the outset, the Court notes that the Government sought to detain Defendant as a flight risk and not as a danger.[1] (*See* Doc. 18 at 5:16-21)("[M]ostly the United States is asking . . . for detention as to flight"). In its Response, the Government reiterated that the Court "could analyze danger, yet will still focus its argument . . . on Nees presenting a risk of flight[.]" (Doc. 21 at 7). Nonetheless, the Court has reviewed the Indictment and the Government's proffer of Defendant's conduct related to the pending charges and finds that, without more, the Government has not presented clear and convincing evidence that Defendant poses a danger to others. The Court's finding, in no way, diminishes the seriousness of the allegations – sending threats to persons and a business through electronic communication – as alleged here. The Court does consider, however, that there are conditions that it can use to fashion an Order to diminish any potential future communications to the alleged victims.[2]

At the detention hearing, the Government offered the following proffer as to Defendant being a flight risk: "he resided overseas; he is married to an overseas national; he resided over there for seven years; his passport was not located during the search." (Doc. 18 at 5). In its Response, the Government reiterated the same arguments, adding that Defendant lived in Singapore for seven years and that he and his wife have traveled to Thailand and Singapore together. (Doc. 21 at 8). Defendant's overseas travel and employment is corroborated by his spouse. (Sealed Doc. 7).

Defendant acknowledges that he has lived and worked in other countries; however, he argues that he currently "has a good job with a solid income here in Phoenix. (Doc. 15 at 18). The PTS Bail Report includes that Defendant is employed and has been employed

---

[1] The Defendant is not charged with an offense that triggers the rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e).
[2] The Court is also aware that Cricket Wireless obtained a Work Place Restraining Order on the Defendant. (Doc. 1).

with a company for one-and-one-half years. In addition, Defendant's ties with other countries appears to be abated given that his wife, and stepson, now reside with him in Phoenix. (Doc. 15 at 18)(Exh. 1)[3]. In addition, at the hearing, the Defendant was not in possession of his passport. Defendant now agrees to relinquish his passport to further quell any argument that he may flee the United States.

At the hearing, the Government also proffered that its agents would testify that the Defendant told them "his wife is no longer going to want to live in the United states, and he's not going to want to either." (Doc. 18 at 6). The Defendant provided a transcription of the conversation where Defendant made such statement to the government's agents which the Court has reviewed. (Doc. 25 at 3). Reading the fuller conversation, the Court concurs with Defendant that his statements, when put in context, do not evince a threat to flee; rather, they show Defendant's concern that his circumstances will affect his wife's desire to live in the United States and that he is "not sure" he would want to either. Considering that Defendant's wife is not a proficient English speaker, she possesses a green card, she does not drive and that he is the primary support for her and her son, it is understandable why Defendant would make such statement. Obviously, Judge Burns did not have the benefit of considering the fuller interview.

In support of their detention request, the Government also proffered multiple statements by Defendant expressing didtain for or against court orders and did not care about court procedures. (Doc. 18 at 7). Yet, a review of his prior criminal cases show that he did appear and resolve those matters pursuant to court orders. (Sealed Doc. 3). Espousing one's views of the courts or rule of law cannot, by themselves, form a legal basis for detention.

As to the Defendant's character, his spouse states that he consumes alcohol, but there is no evidence that he abuses illegal substances. (Sealed Doc. 7). The Defendant is described by his sister-in-law of being the sole caretaker of his family, including his

---

[3] The Court gives less weight to the letters written by Clifton Nees given the close family relationship and jointly undertaken acts proffered by the Government, and Say Ya, due to the short time period that she has known Defendant. (Doc. 15: Exhs. 2 and 3)

- 4 -

mother-in-law. (Doc. 15-1). His criminal history is dated, and as mentioned above, they appear to be closed. A de novo review of the record and analysis of the 18 U.S.C. § 3142(g) factors shows that this is not one of those rare circumstances where the Defendant warrants detention as a flight risk or a danger. *See Gebro,* 948 F.2d. at 1121.

**C. Conclusion**

Accordingly, the Court finds that the Government has not shown by a preponderance of the evidence that Defendant is a flight risk. The Court does find that there are conditions that will ensure that Defendant remains in the United States, that he appears at all scheduled court proceedings, and that minimize any possible communication with the alleged victims.

**IT IS ORDERED** granting Defendant's Motion for De Novo Review of Detention Order (Doc. 15);

**IT IS FURTHER ORDERED** that the Defendant shall be released under the following conditions:

(1) Upon condition that he release his U.S. Passport and all travel documents to the U.S. Pretrial Service Office;

(2) Defendant shall report as directed to the U.S. Pretrial Service Office;

(3) Defendant shall abide by the following travel restrictions: Defendant shall not travel out of the State of Arizona, unless prior Court permission is granted;

(4) Defendant shall avoid all direct or indirect contact with persons who are considered alleged victims and potential witnesses;

(5) Defendant shall not possess any firearm, destructive device, or other dangerous weapon or ammunition;

(6) Defendant shall participate in the Computer Monitoring Program as directed by the Pretrial Services Office and follow all rules and regulations of the program. Defendant will incur the cost of monitoring services as directed by the Pretrial Services.

(7) Defendant shall not establish any email accounts or internet services accounts

unless previously authorized by Pretrial Services.  Defendant shall provide financial documents as requested by Pretrial Services to confirm compliance with this condition;

(8) Defendant shall not possess or access any device which allows access to the Internet unless authorized by Pretrial Services; and

(9) Defendant shall agree to participate in the Pretrial Services electronic monitoring surveillance program.

Dated this 14th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge